JOHN SHEPARD & others *vs.* NATHAN D. ABBOTT.

Middlesex.    March 19. — May 9, 1884.    DEVENS & COLBURN, JJ., absent.

A creditor of an insolvent debtor, against whom involuntary proceedings in insolvency have been instituted, cannot maintain a bill in equity to restrain the further prosecution of the proceedings, on account of the failure of the debtor to furnish to the messenger a schedule of his creditors before the choice of an assignee, and the consequent absence of notice to such creditors of the first meeting.

BILL IN EQUITY, filed April 10, 1883, alleging that, on November 25, 1882, the plaintiffs were and still are creditors of Charles H. Abbott, to the amount of $1112.52; that, on that day, one G. H. Bradford and others applied by petition to the judge of insolvency, praying that the estate of said Abbott might be seized and distributed according to the Pub. Sts. *c.* 157; that, upon said petition, the judge of insolvency, after notice thereof to Abbott, and default by him, to appear in pursuance of said notice, issued his warrant directing the sheriff, or either of his deputies, as messenger, to take possession of all the estate of Abbott, and to publish notice in a certain newspaper, and to send written notice, by mail or otherwise, to all the creditors upon the schedule to be furnished him by Abbott, which notice should state, among other things, that a meeting of the creditors of Abbott to prove their debts and choose one or more assignees of his estate would be held at a time and place named; that the messenger made return of the warrant, and of his doings thereon, at the time and place appointed for the meeting of creditors, from which return it appeared that the written notice to creditors

required by the warrant had not been given, and that no schedule of creditors had been furnished to the messenger; that the creditors who were then and there present, being but a small part of all the creditors of Abbott, proceeded to prove their debts, and made choice of the defendant as assignee; that said choice was approved by the judge of insolvency, who thereupon assigned and conveyed to the defendant all the estate of Abbott; that the defendant accepted said trust, and had ever since acted as such assignee; that the plaintiffs had no notice of said first meeting of creditors; that said meeting should have been adjourned and notice given to the creditors, as required by the Pub. Sts. *c.* 157, § 24; and that the election of the assignee at said meeting was illegal, and contrary to the statutes.

The prayer of the bill was, that all the proceedings had at said meeting, or in pursuance or by authority thereof, might be declared null and void; that the defendant be enjoined from acting as assignee; that notice be given as required by law to all creditors of Abbott of a meeting to be held at a time and place to be appointed, at which they might prove their debts and choose an assignee of the estate; and for further relief.

The defendant demurred to the bill, for want of equity.

At the hearing, the demurrer was sustained, and the bill dismissed; and the plaintiffs appealed to the full court.

*R. Stone,* for the plaintiffs.

*R. D. Smith, (M. R. Thomas* with him,) for the defendant.

C. ALLEN, J. By the true construction of the Pub. Sts. *c.* 157, relating to insolvency, the furnishing of a schedule of creditors by the debtor to the messenger, and the giving of notice of the first meeting to the creditors upon such schedule, are not conditions precedent to the vesting of jurisdiction in the judge, and to the choice or appointment of an assignee in the case of involuntary proceedings against an insolvent debtor. Even where the petition is voluntary, it may well be questioned whether it is contemplated that the proceedings should stop merely for want of a formal notice to creditors, if it becomes impossible to give it. It has been held that omitting the name of a creditor does not render a discharge void, either as against creditors generally, or as against the particular creditor whose name is omitted, and is not conclusive evidence of fraud, upon which the

court can declare the discharge void. *Burnside* v. *Brigham*, 8 Met. 75. The rule is the same where a large portion of the creditors have been omitted. *Williams* v. *Coggeshall*, 11 Cush. 442. The schedule of creditors may be amended after the choice of an assignee. § 76. Not only is the choice of assignee in all cases subject to the approval of the judge, but he may appoint additional assignees, or may do away entirely with the choice of an assignee by the creditors, and appoint one himself. § 41. In § 24, it is provided that, if the notice to creditors which is required by § 17 has not been given, the judge shall at once adjourn the meeting, and order notice. But in the very next section it is provided that, if the debtor dies after the issuing of the warrant, the proceedings shall be continued and concluded in like manner and with like effect as if he had lived. This must be so, if the debtor dies after the issuing of the warrant, but before he has delivered a schedule of his creditors to the messenger. If the debtor should become sick, insane, or disabled from any other cause, or should abscond, without furnishing this schedule, no express provision is made; but it is not easy to suppose that the Legislature intended that either of these causes should work a discontinuance of the proceedings. Section 75 provides for proceedings against debtors who refuse to execute needful instruments, or obey orders of the judge.

But, however it may be with regard to voluntary proceedings, it is clear that, in the case of involuntary proceedings, creditors are not to be deprived of their rights through the contumacy of the debtor. A cause for such proceedings is the removal of the debtor from the State, or his concealment of himself to avoid arrest. It is not possible that a debtor by absconding shall expose himself to involuntary proceedings in insolvency, and by the same act render them wholly nugatory. The statute provides, in § 114, that in involuntary proceedings, after a default by the debtor to appear, " the warrant shall be directed, and the property of the debtor shall be thereon taken and distributed, in the same manner " as upon the debtor's own petition, and with similar proceedings. This does not mean that the proceedings shall be absolutely the same, *modo et forma*, but only that they shall be similar, as far as may be.　　　　　　*Bill dismissed.*